IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, | No. 4:22-CV-01781 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WILLIAM BECHTOLD, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 28, 2023

Plaintiff Christian Owens filed the instant *pro se* Section 1983[1] action while incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania. He has since been released from custody. Because it is clear from the face of Owens' complaint that he cannot state a claim for relief, the Court will dismiss his case but provide him leave to amend.

I.   STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[2] This language closely tracks

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   28 U.S.C. § 1915(e)(2)(B)(ii).

Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[8]  Second, the court should distinguish well-

---

[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[9]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[10] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Because Owens proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[12]

## II.   DISCUSSION

Owens has filed no less than *nine* civil rights lawsuits in this Court, most of them within the span of a single month.[13]  The instant suit appears to be related to an earlier civil action concerning alleged food tampering at Franklin County Jail.[14] In the present case, Owens sues six additional defendants but does not state a claim

---

[9]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Iqbal*, 556 U.S. at 681.
[12]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[13]  *See Owens v. Carrie*, No. 4:22-cv-00553 (M.D. Pa. Apr. 15, 2022); *Owens v. Bogner*, No. 1:22-cv-01574 (M.D. Pa. Oct. 7, 2022); *Owens v. Deb*, No. 4:22-cv-01571 (M.D. Pa. Oct. 7, 2022); *Owens v. Heydt*, No. 1:22-cv-01614 (M.D. Pa. Oct. 14, 2022); *Owens v. Gelet*, No. 1:22-cv-01623 (M.D. Pa. Oct. 17, 2022); *Owens v. Donatto*, No. 4:22-cv-01685 (M.D. Pa. Oct. 26, 2022); *Owens v. Franzoni*, No. 4:22-cv-01686 (M.D. Pa. Oct. 26, 2022); *Owens v. Walker*, No. 4:22-cv-1687 (M.D. Pa. Oct. 26, 2022); *Owens v. Bechtold*, No. 4:22-cv-01781 (M.D. Pa. Nov. 7, 2022).
[14]  *See generally Owens v. Deb*, No. 4:22-cv-01571 (M.D. Pa. Oct. 7, 2022).

for relief against any of them. This is primarily because Owens attempts to utilize vicarious liability to assert his claims against the new Defendants, which theory of liability is inapplicable to Section 1983 actions. The Court will briefly discuss the incurable deficiencies with Owens' complaint.

### A.  Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[15] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[16] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[17]

Most of Owens' allegations sound in *respondeat superior*, or vicarious liability. He broadly claims that warden William Bechtold, deputy warden Michelle Weller, deputy warden Jeffrey Scott, and captain Sauble are "allowing kitchen staff and inmates to mess with [his] food" and render it inedible.[18] He

---

[15]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[16]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).
[17]  *Id.* (quoting *Rode*, 845 F.2d at 1207).
[18]  Doc. 1 at 2. Owens likewise cursorily asserts that these Defendants are "allowing [correctional officers] to tamper with his cell / hygiene products," use excessive force, retaliate, and taunt him. *Id.* at 5. These claims, too, sound in vicarious liability and do not plausibly state Section 1983 claims.

4

further alleges that he has submitted numerous grievances and appeals, but defendant J. Sterner—the grievance coordinator at Franklin County Jail—has not remedied the situation.

These allegations are quintessential *respondeat superior* claims, a theory of liability that simply does not apply to Section 1983 lawsuits. Moreover, as to Owens' claim against Sterner, it is well settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[19] Accordingly, the claims against Bechtold, Weller, Scott, Sauble, and Sterner must be dismissed.

B. **Additional Claim**

There is one claim in Owens' complaint that appears to be separate from the food-tampering issue. Owens alleges that he has "reached out to" chaplain Bruce Burkholder "numerous times since being incarcerated about diet and religious days / festivals that Orthodox Jews celebrate."[20] Owens asserts that, "even though

---

[19] *See Dooley*, 957 F.3d at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[20] Doc. 1 at 4.

[Burkholder] is not a rabbi, he . . . should be working to help [Owens] find an alternate means of food."[21]

It is unclear what type of constitutional tort Owens believes is implicated by these allegations.[22] If Owens is attempting to raise a First Amendment free-exercise claim regarding a religious diet or practice, he does not state such a claim. Owens does not allege, for example, that he requested a Kosher diet because he is an Orthodox Jew and was refused, or that Burkholder took any action to inhibit Owens' religious practices or diet.[23] Simply put, Owens' allegations against Burkholder do not plausibly state a First Amendment or any other type of constitutional tort claim.

The Court further observes that Burkholder may be inappropriately joined in this case, as there does not appear to be a "question of law or fact common" to him and the other Defendants that "will arise in th[is] action."[24] Nevertheless, severance is unnecessary because Owens does not state any sort of Section 1983 claim against Burkholder. To the extent that Owens is attempting to allege that Burkholder is liable for the food-tampering incidents, this is an additional vicarious liability claim that is legally, rather than factually, deficient.

---

[21] *Id.*
[22] Nowhere in Owens' complaint does he identify what type of Section 1983 claim or claims he is raising or which constitutional amendment he is relying on.
[23] *See generally DeHart v. Horn*, 390 F.3d 262, 268-72 (3d Cir. 2004) (discussing factors considered when inmate raises First Amendment free-exercise claim related to religious dietary restrictions).
[24] FED. R. CIV. P. 20(a)(2)(B).

### C.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [28 U.S.C. § 1915(e)(2)] should receive leave to amend unless amendment would be inequitable or futile."[25]  The Court will grant Owens leave to amend, as it may be possible that he could cure the deficiencies identified in this Memorandum.  The Court, however, admonishes Owens that any claim regarding food tampering at Franklin County Jail should be raised in case number 4:22-cv-1571 rather than in new, additional civil rights actions.

### III.    CONCLUSION

Based on the foregoing, the Court will dismiss Owens' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Leave to amend will be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25]    *Grayson*, 293 F.3d at 114.